## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN GWIAZDA, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| LVNV FUNDING, LLC and | : | |
| PATENAUDE & FELIX, A.P.C., | : | |
| *Defendants*. | : | No. 22-00698 |

### MEMORANDUM

**Kenney, J.**                                                    **September 15, 2022**

Plaintiff Kathryn Gwiazda alleges that Defendants LVNV Funding, LLC ("LVNV") and Patenaude & Felix, A.P.C. ("P&F") violated her rights under the Fair Debt Collection Practices Act (the "FDCPA") by telling her that she was indebted to them when she was not and by pursuing collection of that alleged debt. 15 U.S.C. § 1692, *et seq.* Specifically, Gwiazda alleges that representations made by Defendants before and during a prior collection lawsuit, with respect to LVNV having acquired an interest in the debt, were false, deceptive, or misleading within the meaning of the FDCPA and that, accordingly, Defendants' efforts to collect on the debt were unconscionable and unfair practices within the meaning of the FDCPA. *Id.*

A review of the record, however, shows that Plaintiff Gwiazda has failed to put forth any evidence upon which a reasonable juror could conclude that Defendants made any false or misleading statements. Accordingly, and for the reasons provided in greater detail below, the Court will GRANT Defendants' Motion for Summary Judgment presently before the Court. ECF No. 14.

## I.    PROCEDURAL HISTORY

On February 23, 2022 Plaintiff filed her Complaint against Defendants LVNV and P&F. ECF No. 1.

On June 23, 2022, the case was referred to arbitration. ECF No. 13.

On July 22, 2022, Defendants submitted a joint Motion for Summary Judgment, as well as a Motion to Stay Arbitration Pending the Adjudication of the Summary Judgment Motion. ECF Nos. 14, 15. Upon consideration of Defendants' Motion to Stay Arbitration, the Court continued the arbitration until on or about October 15, 2022 to give the Court time to decide the Motion for Summary Judgment. ECF No. 17.

On August 5, 2022, Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment. ECF No. 19. Subsequently, on August 12, 2022, Defendants filed a Reply in Support of their Motion for Summary Judgment. ECF No. 20. Plaintiff then sought leave to file a Sur Reply in Opposition to the Motion for Summary Judgment, which the Court granted, and Plaintiff's Sur Reply was docketed on August 25, 2022. ECF Nos. 21, 23.

## II.    FACTUAL BACKGROUND

Plaintiff Gwiazda is an individual who was previously the holder of a credit card from Credit One Bank, N.A. ECF No.19 at 5 ¶ 6; *see also* ECF No. 19 Ex. 1 (the "Gwiazda Affidavit") ¶¶ 2–3. However, due to financial hardship, Gwiazda's credit card account (the "Account") went into default. Gwiazda Aff. ¶ 4.

At some point thereafter, Defendant LVNV, acting through third parties, represented to Gwiazda that LVNV had acquired an assignment of the Account and that, accordingly, Gwiazda owed money to LVNV. Gwiazda Aff. ¶¶ 9,10. Then, maintaining that it was the "[a]ssignee and [s]uccessor in [i]nterest" of the Account, LVNV, through its attorneys P&F, sued Gwiazda in

Philadelphia Municipal Court in an attempt to recover the delinquent account balance. *Id.* ¶¶ 9–11; *see also* ECF No. 14 Ex. 2 ¶ 2. In connection with this lawsuit, Defendant produced assignments that show an initial assignment of the Account from Credit One Bank, N.A., to MHC Receivables, LLC, occurring on February 28, 2018, as well as subsequent assignment of the Account from Sherman Originator III, LLC  ("SOLLC III") to LVNV. ECF No. 19 Ex. 2 at 16, 26. The assignment to LVNV refers back to a "Receivable File" that is dated March 5, 2018 and was transferred from MHC Receivables, LLC and FNBM, LLC to SOLLC III on March 16, 2018. *Id.*

After a contested hearing, the Municipal Court judge presiding over the case found that the assignments provided by LVNV did not "establish a chain of custody between the original creditor and [LVNV]" and that there was "not sufficient chain of custody evidence to show that [the assignment of the Account] went from the original creditor to [LVNV.]" ECF No. 19 at 4 ¶ 2.

### III.    STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ....'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). There is a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment carries the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the moving party has met this burden, the non-moving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *see also* Fed. R. Civ. P. 56(c).

"Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (internal citations omitted). Accordingly, "[i]n this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party" meaning that "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Id.* Additionally, "if the non-moving party has the burden of proof at trial, that party must set forth facts 'sufficient to establish the existence of an element essential to that party's case.'" *Id.*

The non-moving party must therefore show more than the "mere existence of a scintilla of evidence" for elements on which the non-movant bears the burden of production. *Anderson*, 477 U.S. at 252. The party opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Nor can the non-moving party "rely on unsupported allegations" and instead "must go beyond pleadings and provide some evidence that would show that there exists

a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).

Moreover, arguments made in briefs "are not evidence and cannot by themselves create a factual

dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v.*

*Township of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985).

"At the summary judgment stage, facts must be viewed in the light most favorable to the

nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S.

372, 380 (2007); Fed. R. Civ. P. 56(c). A court need only decide whether "a fair-minded jury

could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252.

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial'" and the court should grant summary judgment

in favor of the moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

## IV.   DISCUSSION

In her Complaint, Plaintiff Gwiazda alleges that Defendants violated the FDCPA under

15 U.S.C. §1692e ("Section 1692e"), False or Misleading Representations and 15 U.S.C. §1692f

("Section 1692f"), Unfair Practices.

For the reasons that follow, this Court finds that Plaintiff Gwiazda has failed to put forth

evidence upon which a reasonable juror could conclude that Defendants made any false,

deceptive, or misleading statements or engaged in any unfair or unconscionable means in

attempts to collect an alleged debt from Gwiazda within the meaning of the FDCPA.

### A.  1692e, False or Misleading Statements

Section 1692e prohibits "any false, deceptive, or misleading representation or means in

connection with the collection of any debt," and includes a non-exhaustive list of prohibited

conduct. 15. U.S.C. § 1692e. For example, *inter alia*, Section 1692e explicitly prohibits making

false representations as to "the character, amount, or legal status of any debt." 15 U.S.C. §
1692e(2)(A). Whether or not a representation is false, deceptive, or misleading is measured
"from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450,
454 (3d Cir. 2006)

Gwiazda alleges that Defendants violated 1692e(2)(A) by "[f]alsely representing" to
Gwiazda that "LVNV was an assignee of a debt for which [] Gwiazda was alleged to be liable,
when it was not[] and [d]emanding that [] Gwiazda pay a debt to LVNV that [she] did not owe to
LVNV." ECF No. 1 ¶ 26; *see also* ECF No. 19 at 17 ("LVNV violated the FDCPA by falsely
representing to be an assignee, which was a material misrepresentation of the legal status of the
debt in direct violation of 15 U.S.C. § 1692e(2)(A)").

Plaintiff Gwiazda argues that Defendants made the false representations "in
communications leading up to the filing of the Municipal Court complaint and in the [Municipal
Court] complaint itself." ECF No. 19 at 11. Gwiazda explains that "[i]n the [Municipal Court]
complaint, P&F stated, '[LVNV] is the Assignee and Successor in Interest [of the
Account]…and, said [the Account] was issued to [LVNV] by Credit One Bank, N.A.," and that
this "statement turned out to be false [because] LVNV was not an assignee of the debt .…" *Id.* at
11–12. Gwiazda bases her conclusion that Defendants' statements were false on the grounds that
she was victorious in the underlying Municipal Court collection action and, in particular, on the
Municipal Court's finding that "[t]he chain of assignment LVNV presented to the Municipal
Court did not back up LVNV's claim" that it was an assignee of the Account. *Id.* at 11–12.

Gwiazda clarifies this argument by explaining that she "does not contend that
[D]efendants violated the FDCPA by losing a lawsuit" and that "[t]he lawsuit is relevant only

because it allowed [] Gwiazda to uncover that LVNV was not the assignee it claimed to be …."
ECF No. 19 at 17.

Upon review of the evidence in the light most favorable to Plaintiff Gwiazda, however, the Court finds that Plaintiff Gwiazda's argument attributes a material finding to the Municipal Court that was never actually made. Specifically, Gwiazda's briefings falsely equate the Municipal Court's finding that LVNV failed to submit sufficient evidence to prove that it was the assignee of the Account with an affirmative finding that LVNV was not the assignee of the Account. While the Municipal Court held that LVNV failed to present a chain of assignment that proved it was the assignee of the Account, it made no determination as to whether or not LVNV actually was or was not the assignee of the Account. Thus, at present, Gwiazda has provided no evidence upon which a reasonable juror could reach the conclusion that Defendants made false or deceptive statements because there is no evidence showing that LVNV was not the assignee of the Account. *Jones,* 214 F. 3d at 407 (explaining at the summary judgment stage the non-moving party may not  "rely on unsupported allegations" and instead "must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial").

Recently, in a similar case within the Third Circuit, a district court judge dismissed a claim at the motion to dismiss stage where a plaintiff relied on the fact that it had prevailed in an underlying collection suit as a basis for its 1692e FDCPA claim. *Ramos v. LVNV Funding*, LLC, 379 F. Supp. 3d 437, 444 (E.D. Pa. May 22, 2019) ("*Ramos*, 19-477").  There, the district court judge reasoned that the fact that the defendants "failed to prevail in [] [an underlying collection] case" did not "by itself establish" that the defendants "never owned the debt," noting that "[l]awsuits can be lost for any number of reasons" and that the underlying collection decision was "not accompanied by any specific rationale." *Id.* In an amended complaint, the plaintiff in

*Ramos,* 19-477 added specific allegations that the defendants had misrepresented the status of the assignment of the debt, enabling the claim to withstand defendants' subsequent motions to dismiss. *See* ECF No. 19 Ex. 13.

In the present case, the Municipal Court did provide a rationale for its findings (i.e., LVNV's failure to establish chain of custody); however, as explained above, it did not reach the material question of whether LVNV was or was not the assignee of the Account. Thus, as in *Ramos,* 19-477, the Court finds here that Gwiazda's victory in the underlying collection action does not, by itself, evidence Plaintiff's conclusory allegation that the Defendants' statements about acquiring an ownership interest in the Account were in any way false, deceptive, or misleading.

Moreover, while the outcome of the Municipal Court collection suit makes Gwiazda's allegation that LVNV was not the assignee of the Account more plausible, and thus including this allegation in her Complaint likely would have enabled her to survive a motion to dismiss for failure to state a claim, to survive summary judgment, Plaintiff Gwiazda must point to some evidence that would enable her to establish at trial LVNV was not the assignee of the Account. *See Ramos v. LVNV Funding, LLC*, No. CV 18-5496, 2019 WL 1994463, at *3 (E.D. Pa. May 3, 2019) ("*Ramos*, 18-5496") (explaining that a plaintiff prevailing in a prior collection suit made it "more plausible" that a defendant misrepresented its "status as an assignee," and thus constituted sufficient allegations to withstand a motion to dismiss, but also noting that to actually "prevail on" the claim, the plaintiff "must ultimately establish, through admissible evidence, that [the defendant] was not an assignee on the account"); *see also Ramos*, 19-477, 379 F. Supp. 3d at 444 ("[t]he fact that [a defendant] failed to prevail in its case [did] not by itself establish that [the defendant] never owned the debt [or] that its attempts to collect were deceptive in nature").

In her briefings Gwiazda relies on a number of decisions made at the motion to dismiss stage to support her argument in opposition to Defendants' Motion for Summary Judgment. *See Yentin v. Michaels, Louis & Assocs., Inc.*, No. CIV.A. 11-0088, 2011 WL 4104675, at *17 (E.D. Pa. Sept. 15, 2011) (concluding "that a plaintiff may state a claim under § 1692e(2)(A) merely by alleging that a defendant debt collector misstated a material fact regarding the character, amount, or legal status of any debt in connection with the collection of that debt without averring any intent or awareness on the part of the defendant"); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168 (3d Cir. 2015) (finding that including "not-yet-incurred fees as due and owing" in a foreclosure complaint could constitute a "conceivabl[e] misrepresent[ation]" within the meaning of Section 1692e sufficient to withstand a motion to dismiss); *Walton v. Pereira*, 995 F. Supp. 2d 437, 443 (W.D. Pa. 2014) (finding that allegations defendants included a demand for attorney's fees, not authorized by contract, in their collection complaint were sufficient to enable a 1692e claim to withstand a motion to dismiss).

This case, however, is not at the motion to dismiss stage; rather, it is at the summary judgment stage, where "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings [or] legal memoranda." *Berckeley Inv. Grp., Ltd.,* 455 F.3d at 201. Without any additional evidence to support her allegations that the Defendants' made false or misleading representations, the Court finds that no reasonable juror could find in favor of Plaintiff Gwiazda as to her Section 1692e claim based solely on her characterization of the Municipal Court ruling. *Cf. Zachary v. Midland Funding LLC*, 2018 U.S. Dist. LEXIS 120566, at *7—8 (E.D. Pa. July 18, 2018) (finding at the motion to dismiss stage that "the allegation that [the defendant] filed and pursued the underlying lawsuit without

sufficient evidence fails to state a claim that the lawsuit was a false, deceptive or misleading representation or means to collect a debt").

**B.  1692f, Unfair or Unconscionable**

Section 1692f of the FDCPA prohibits "debt collectors" from using "unfair or unconscionable means to collect or attempt to collect any debt," and, like Section 1692e, includes a non-exhaustive list of prohibited conduct. 15 U.S.C. §1692f. For example, *inter alia*, Section 1692f explicitly prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f.

With respect to her Section 1692f claim, Gwiazda alleges that Defendants "used unfair unconscionable means to attempt debt collection against" her by "[d]emanding payment to LVNV from [] Gwiazda of a debt for which [s]he was not liable by contract or law to pay LVNV…[and] [d]emanding that [] Gwiazda pay a debt to LVNV that [s]he did not owe to LVNV." ECF No. 1 ¶ 25.

Gwiazda's Section 1692f theory of liability essentially mirrors her Section 1692e claim, and then takes the argument one step further. In short, Gwiazda's argument is that because Defendants were ultimately unsuccessful in the Municipal Court collection action, it follows that not only were the Defendants' statements regarding LVNV's ownership interest in the Account leading up to and during the Municipal Court action false representations, but also that Defendants' attempts to collect on the Account, including through litigation, were unfair and unconscionable because Gwiazda was found not liable to LVNV for the debt. *Id.* This argument fails for two reasons.

First, Plaintiff's argument for liability under 1692f is based on the same conduct as her Section 1692e argument and therefore fails as a matter of law because Section 1692f "cannot be the basis for a separate claim for conduct that is already explicitly addressed by other sections of the FDCPA." *Cohen v. Dynamic Recovery Sols.*, No. 16-576, 2016 WL 4035433, at *5 (D.N.J. July 26, 2016) (internal citations omitted); *id.* ("[c]ourts routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond which he asserts violates other provisions of the FDCPA")*.* Here, Plaintiff Gwiazda has pointed to no evidence nor made any allegations of conduct in relation to her Section 1629f claim that fall outside the scope of the allegations made in relation to her Section 1629e claim. *Shand-Pistilli v. Pro. Acct. Servs., Inc.,* No. 10-CV-1808, 2010 WL 2978029, at *6 (E.D. Pa. July 26, 2010) ("[a] complaint will be deemed deficient under this provision if it 'does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA'") (internal citations omitted). Thus, Plaintiff's Section 1629f claim cannot survive summary judgment as the claim is unsustainable as a matter of law.

Second, as discussed above in relation to her Section 1692e theory of liability, Plaintiff Gwiazda has failed to set forth any evidence upon which a reasonable juror could conclude that LVNV was or was not the assignee of the Account when it made the alleged misrepresentations. Without any additional allegations of conduct that could constitute unfair or unconscionable actions, no reasonable juror could conclude that Defendants' attempts to collect were unfair or unconscionable on the sole fact that Defendants failed to prevail in the underlying suit. *See Ramos*, 19-477, 379 F. Supp. 3d at 444 ("[t]he fact that [a defendant] failed to prevail in its case [did] not by itself establish that … filing suit [to collect on the debt] was unconscionable").

## V.    <u>CONCLUSION</u>

Thus, upon consideration of Defendants' Motion for Summary Judgment (ECF No. 14), Plaintiff's Response (ECF No. 19), Defendants' Reply (ECF No. 20), and Plaintiff's Sur Reply (ECF No. 25), the Court finds that Plaintiff Gwiazda has failed to meet her evidentiary burden with respect to her claims under both 1692e and 1692f because she has failed to put forth any evidence upon which a reasonable juror could conclude that any false or misleading statements were made by Defendants in relation to their attempts to collect on the Account or that Defendants engaged in any unfair or unconscionable actions while attempting to collect on the Account.

Accordingly, the Court will GRANT Defendants' Motion for Summary Judgment in its entirety and the case will be dismissed with prejudice.[1]

**BY THE COURT**

/s/  *Chad F. Kenney*

_____

**CHAD F. KENNEY, JUDGE**

---

[1] The Court notes that because it finds Plaintiff Gwiazda has failed to meet the evidentiary burden necessary to survive Defendants' Motion for Summary Judgment (ECF No. 14), the Court need not address Defendants' additional arguments made in support of their Motion for Summary Judgment (ECF No. 14) and will refrain from doing so.