IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN GWIAZDA, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| LVNV FUNDING, LLC and | : | |
| PATENAUDE & FELIX, A.P.C., | : | |
| *Defendants*. | : | No. 22-00698 |

**MEMORANDUM**

**Kenney, J.**                                                                                                               **November 2, 2022**

On September 15, 2022, this Court entered judgment in favor of Defendants LVNV Funding, LLC ("LVNV") and Patenaude & Felix, A.P.C. ("P&F") (collectively "Defendants"). *See* ECF Nos. 26, 27.

In her Complaint, Plaintiff Kathryn Gwiazda had alleged that Defendants violated her rights under the Fair Debt Collection Practices Act (the "FDCPA") by telling her that she was indebted to them when she was not and by pursuing collection of that alleged debt. 15 U.S.C. § 1692, *et seq.* ECF No. 1. Specifically, Gwiazda alleged that representations made by Defendants before and during a prior collection lawsuit, with respect to LVNV having been assigned an interest in the debt, were false, deceptive, or misleading within the meaning of the FDCPA and that, accordingly, Defendants' efforts to collect on the debt were unconscionable and unfair practices within the meaning of the FDCPA. *Id.*

Upon review of the record, however, this Court found that Plaintiff Gwiazda had failed to put forth any evidence upon which a reasonable juror could conclude that Defendants made any

false or misleading statements to support her claims under the FDCPA, and, accordingly, granted Defendants' Motion for Summary Judgment. *See* ECF Nos. 26, 27.

Presently, Plaintiff Gwiazda asks this Court to reconsider its prior Order granting summary judgment. *See* ECF No. 28) According to Plaintiff Gwiazda, "the [C]ourt's opinion does not address the gap in the chain of assignments at the center of Ms. Gwiazda's case." ECF No. 28 at 1. For the reasons that follow, however, the Court finds that the Court did consider all of the evidence and that reconsideration of its prior Order granting Defendants' Motion for Summary Judgment is not warranted.

## I.  PROCEDURAL HISTORY

On February 23, 2022 Plaintiff filed her Complaint against Defendants LVNV and P&F. ECF No. 1.

On June 23, 2022, the case was referred to arbitration. ECF No. 13.

On July 22, 2022, Defendants submitted a joint Motion for Summary Judgment, as well as a Motion to Stay Arbitration Pending the Adjudication of the Summary Judgment Motion. ECF Nos. 14, 15. Upon consideration of Defendants' Motion to Stay Arbitration, the Court continued the arbitration until on or about October 15, 2022 to give the Court time to decide the Motion for Summary Judgment. ECF No. 17.

On August 5, 2022, Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment. ECF No. 19. Subsequently, on August 12, 2022, Defendants filed a Reply in Support of their Motion for Summary Judgment. ECF No. 20. Plaintiff then sought leave to file a Sur Reply in Opposition to the Motion for Summary Judgment, which the Court granted, and Plaintiff's Sur Reply was docketed on August 25, 2022. ECF Nos. 21, 23.

On September 15, 2022, this Court granted Defendants' Motion for Summary Judgment and entered judgment in favor of the Defendants. *See* ECF Nos. 26, 27.

On September 29, 2022, Plaintiff filed a Motion for Reconsideration, asking the Court to reconsider its Order granting summary judgment in favor of Defendants. ECF No. 28. On October 12, 2022, Defendants filed a Response in Opposition to Plaintiff's Motion for Reconsideration. ECF No. 29.

## II. FACTUAL BACKGROUND

Plaintiff Gwiazda is an individual who was previously the holder of a credit card from Credit One Bank, N.A. ECF No.19 at 5 ¶ 6; *see also* ECF No. 19 Ex. 1 (the "Gwiazda Affidavit") ¶¶ 2–3. However, due to financial hardship, Gwiazda's credit card account (the "Account") went into default. Gwiazda Aff. ¶ 4.

At some point thereafter, Defendant LVNV, acting through third parties, represented to Gwiazda that LVNV had acquired the Account and that, accordingly, Gwiazda owed money to LVNV. Gwiazda Aff. ¶¶ 9,10. Then, maintaining that it was the "[a]signee and [s]uccessor in [i]nterest" of the Account, LVNV, through its attorneys P&F, sued Gwiazda in Philadelphia Municipal Court in an attempt to recover the delinquent account balance. *Id.* ¶¶ 9–11; *see also* ECF No. 14 Ex. 2 ¶ 2. In connection with this lawsuit, Defendant produced assignments that show an initial assignment of the Account from Credit One Bank, N.A., to MHC Receivables, LLC, occurring on February 28, 2018, as well as subsequent assignment of the Account from Sherman Originator III LLC ("SOLLC III") to LVNV. ECF No. 19 Ex. 2 at 16, 26. The assignment to LVNV, refers back to a "Receivable File" that is dated March 5, 2018, and was transferred from MHC Receivables, LLC and FNBM, LLC to SOLLC III on March 16, 2018. *Id.*

After a contested hearing, the Municipal Court judge presiding over the case in found that the assignments provided by LVNV did not "establish a chain of custody between the original creditor and [] [LVNV] [and that] [t]here [was] not sufficient chain of custody evidence to show that [the assignment of the Account] went from the original creditor to [LVNV.]" ECF No. 19 at 4 ¶ 2.

### III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked.... It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Reinig v. RBS Citizens, N.A.*, 386 F. Supp. 3d 602, 607 (W.D. Pa. 2019).

### IV. DISCUSSION

The center point of Plaintiff's Motion for Reconsideration is the contention that the Court "overlooked" the chain of assignments documentary evidence presented by LVNV as evidence in the underlying Municipal Court case. To the contrary, however, this Court did consider the underlying chain of assignments evidence in its opinion and rejected Plaintiff Gwiazda's averment that this evidence was sufficient to survive Defendants' Motion for Summary Judgment.

In its prior Opinion, the Court specifically acknowledged that Plaintiff Gwiazda's argument was based "on the grounds that she was victorious in the underlying Municipal Court collection action and, in particular, on the Municipal Court's finding that '[t]he chain of assignment LVNV presented to the Municipal Court did not back up LVNV's claim' that it was

4

an assignee of the account." ECF No. 26 at 6 (citing ECF No. 19 at 11–12). Further, the Court explicitly referenced Plaintiff Gwiazda's contention that "[t]he lawsuit [was] relevant only because it allowed [] [Plaintiff] Gwiazda to uncover that LVNV was not the assignee it claimed to be…" ECF No. 26 at 6–7 (citing ECF No. 19 at 17). However, the Court then rejected Plaintiff's view of the evidence, providing that Plaintiff Gwiazda's argument "attribute[d] a material finding to the Municipal Court that was never actually made" and also that Plaintiff Gwiazda "provided no evidence upon which a reasonable juror could reach the conclusion that Defendants made false or deceptive statements because there is not evidence showing that LVNV was *not* the assignee of the Account." ECF No. 26 at 7. In making this conclusion, the Court considered the entirety of the evidence and record and found that "[w]ithout any additional evidence to support her allegations that Defendants[] made false or misleading representation" no reasonable juror could find in the favor of Plaintiff Gwiazda. *Id.* at 9.

The documentary chain of custody evidence is not evidence that would enable a reasonable juror to find for Plaintiff Gwiazda; rather, as the Court pointed out in its prior Opinion (ECF No. 26 at 8) to survive summary judgment, Plaintiff Gwiazda needed to put forth more than a scintilla of evidence that LVNV was not the assignee, (i.e., Plaintiff Gwiazda could have met this burden by putting forth evidence she was making payments to someone else on the debt, that she was receiving notices of payments due to someone else, or any other affirmative evidence the debt had been assigned to someone else).

Defendant LVNV's failure to prove it *was* the assignee of the account in the underlying Municipal Court action and the evidence it used in its attempt to prove it was the assignee in that case are not sufficiently probative of the fact that LVNV was not the assignee to withstand summary judgment. The evidence in this case shows that Defendants tried to establish LVNV's

5

assignment through a proper legal process. The fact that ultimately, the Municipal Court judge in the underlying action weighed the evidence and found that the documentary evidence was insufficient to establish "chain of custody to show that [the assignment of the debt] went from the original creditor to" LVNV does not mean that LVNV did not have a legal right to present its claim to a trier of fact in order to make a determination, or that Defendants did not believe LVNV was the lawful assignee of the debt. *See* ECF No. 19-3 at 14–15. If anything, the underlying documentary evidence is more probative of the fact that LVNV was the assignee than that it was not, which is likely why Gwiazda's attorneys objected to its admission in the underlying Municipal Court action and attempted to challenge authenticity of the documents. *Id.*

Without making any finding as to whether LVNV is or is not the assignee, the Court finds it worth imagining the following hypothetical: a debt collector lawfully buys assignment of a debt from a third party, but due to human error there is a mistake in the chain of assignments that results in the debt collector being unable to prove through litigation that it is the true assignee of the debt. It appears that in Plaintiff Gwiazda's view, the debtor would then be able to turn around and sue the debt collector because the debt collector was unable to prove it was the assignee, use the chain of assignments error as its sole evidence to support its claim, and then ultimately be free from the debt altogether and potentially receive a payout from the entity that truly believed it had a right to pursue debt collection against her. The Court, through its previous Opinion, rejected this cynical conclusion by finding that Plaintiff Gwiazda had failed to set forth evidence upon which a *reasonable* juror could find in her favor. In order to survive a motion for summary judgment, Plaintiff Gwiazda would have had to have put forth some form of additional evidence to support the conclusion that Defendants made false or misleading statements or acted in some unconscionable manner when attempting to collect the debt. Presently, the Court finds

no reason to reconsider this conclusion as the Court did examine the documentary evidence related to chain of assignment and found it insufficient to withstand the Defendants' Motion for Summary Judgment.

## V.   CONCLUSION

For the reasons set forth above, this Court will **DENY** Plaintiff's Motion for Reconsideration (ECF No. 28).

**BY THE COURT**

/s/  **Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**